IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALLEN NEIGHBORS,

    Plaintiff,                     No. CIV S-03-0329 GEB KJM P

    vs.

K. NICHOLS, et al.,

    Defendants.             <u>ORDER</u>

                        /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On September 10, 2004, plaintiff filed an amended complaint. Under Federal Rule of Civil Procedure 15(a), plaintiff may amend his complaint once as a matter of right any time before a responsive pleading is filed. A responsive pleading has not yet been filed. Therefore, the court will screen plaintiff's amended complaint under 28 U.S.C. § 1915A(a).

        Under 28 U.S.C. § 1915A(a), the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff seeks monetary and injunctive relief against employees of the Butte County Superior Court Clerk's Office. Plaintiff claims defendants: 1) ignored or denied requests for information or copies of documents pertaining to plaintiff's criminal proceedings pending in Butte County; and 2) destroyed evidence without first contacting plaintiff.

Court personnel are entitled to absolute immunity from suits for monetary damages arising from acts that are "an integral part of the judicial process." Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1390 (9th Cir. 1987). A clerk's office's management of court records and information is an integral part of the judicial process. Therefore, plaintiff cannot seek monetary damages from defendants.

/////

With respect to injunctive relief, plaintiff asks that the court order defendants to:

> 1. Immediately provide plaintiff with all documentation from his court file which is in reference to his 1985 case known as action 88320, and such material to be provided at defendants' expense; and
>
> 2. Immediately provide plaintiff with all documentation from his court file which is in reference to his 1995 case known as action CM-005814, and such material to be provided at defendants' expense.

Am. Compl. at 12:7-10.

A review of the court's file reveals that service of process was attempted as to defendant Caldwell. However, service was not effected because Caldwell no longer works for the Butte County Superior Court Clerk's Office. Because Caldwell is not in a position to provide the injunctive relief requested by defendant, the court will not order service of process with respect to Caldwell.

The court will order that defendants Nichols and Strickland be served with the amended complaint. If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to obtain the injunctive relief he seeks based upon a violation of his First Amendment right to seek redress from the government.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Nichols and Strickland.

2. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed September 10, 2004.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

3

       d. Three copies of the endorsed amended complaint filed September 10, 2004.

    4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: May 11, 2005.

                          /s/ Mueller
                          UNITED STATES MAGISTRATE JUDGE

---

1
neig0329.1

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  KENNETH ALLEN NEIGHBORS,
11          Plaintiff,                    No. CIV-S-03-0329 GEB KJM P
12      vs.
13  K. NICHOLS, et al.,                   NOTICE OF SUBMISSION
14          Defendants.                        OF DOCUMENTS
15  _____/
16          Plaintiff hereby submits the following documents in compliance with the court's
17  order filed _____:
18          _____     completed summons form
19          _____     completed USM-285 forms
20          _____     copies of the _____
                                   Amended Complaint
21  DATED:
22
23                                        _____
                                                      Plaintiff
24
25
26